UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEMETRIOS K. VOVOU,

        Plaintiff,

v.                                              Case No. 3:11-cv-1170-J-37MCR

M. T. WONG, etc.; et al.,

        Defendants.

## ORDER

### I.  Status

Plaintiff, an inmate of the Florida Department of Corrections, is proceeding *pro se* and *in forma pauperis* on a civil rights Complaint (Doc. #1). This cause is before the Court on Officers M. T. Wong, B. W. Pfortmiller, C. L. Stephens, R. A. Fabila, S. R. Bartleson, and M.C. McCollum's February 1, 2012, Motion to Partially Dismiss the Complaint (Motion to Dismiss) (Doc. #19). Plaintiff's Response to Defendants' Motion to Partially Dismiss (Response) (Doc. #28) was filed on April 30, 2012. See Order (Doc. #12).

Defendant, R. A. Fabila's September 5, 2012, Motion for Summary Judgment (Motion for Summary Judgment) (Doc. #35) and Redacted Exhibit (Doc. #36) are also before the Court. Vovou

responded to the Motion for Summary Judgment. <u>See</u> Plaintiff's Response to Defendant R. A. Fabila's Motion for Summary Judgment (Response to Summary Judgment) (Doc. #37); Order (Doc. #12).

## II. Standard of Review - Motion to Dismiss

This Court looks to the allegations in the complaint when reviewing a 12(b)(6) motion. The Eleventh Circuit explained:

> Generally, under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). To survive a 12(b)(6) motion to dismiss, the complaint "does not need detailed factual allegations," <u>Bell Atlantic Corp. V. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), but must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

<u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Simply, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>. (citing

Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

### III.  Motion to Dismiss

Defendants' Motion to Dismiss is due to be denied. Defendants assert that Plaintiff has failed to comply with the condition precedent to filing a state tort claim against a state agency or subdivision. Motion to Dismiss at 2. In the Complaint, page thirteen, ¶ 40, Plaintiff states that "[e]ach and all of the defendants are sued in their individual capacities only." The Defendants are not named in their official capacities. Since Plaintiff has not named a state agency or subdivision as a Defendant in this action, Defendants' contention has no merit.

"According to FLA. STAT. § 768.28(6), an 'action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency.'" Albra v. City of Ft. Lauderdale, 232 F. App'x 885, 888 (11th Cir.) (per curiam), cert. denied, 552 U.S. 872 (2007). Here, Plaintiff has not named Sheriff Rutherford in his official capacity as a Defendant. See Complaint; Buckingham v. Macias, No. 06-61539-CIV, 2006 WL 3747351, at *2 (S.D. Fla. Dec. 18, 2006) (not reported in F.Supp.2d) (noting the Sheriff of Broward County, Florida was named in his official capacity as the final authority for the Broward County Sheriff's Office, and dismissing the claim against the Sheriff without prejudice based on the plaintiff's failure to comply with the requirement that notice must be given before allowing a tort action to proceed against a "political subdivision of the State").

In the instant action, the notice requirements do not apply as the Defendants are named in their individual capacities. Diversified Numusmatics, Inc. v. City of Orlando, Fla., 783 F.Supp. 1337, 1346-47 (M.D. Fla. 1990), aff'd, 949 F.2d 382 (11th Cir. 1991). Thus, the Motion to Dismiss is due to be denied.

Defendants also assert that the Complaint is devoid of any allegations that would permit a Defendant to be a party to this suit in his individual capacity because section 768.28(9)(a), provides that a state employee, or an employee of any of its

subdivisions, cannot be held liable for actions taken within the scope of employment unless the agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.  Motion to Dismiss at 3-4.  Specifically, this section of the Florida Statute provides:

> Subsection 768.28(9)(a) specifically provides that "[n]o officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." § 768.28(9), Fla. Stat. (2006).

Furtado v. Yun Chung Law, 51 So.3d 1269, 1276-77 (Fla. 4th DCA 2011).

Plaintiff's factual allegations support his claim that the Defendants acted in bad faith or with malicious purpose or with wanton or willful disregard of Plaintiff's rights.  See Fernander v. Bonis, 947 So.2d 584, 589 (Fla. 4th DCA 2007) (recognizing that an officer may not be liable in tort for actions taken in the scope of his employment unless the actions are taken in bad faith, with malicious purpose, or with wanton or willful disregard of the person's rights).  In his statement of facts, Plaintiff alleges that after he was pulled out of his vehicle, he was thrown to the

ground by the Defendants. Complaint at 10. He asserts that he was kicked and punched while he was on the ground, and no officers attempted to stop the beating. Id. Vovou claims that he was not resisting arrest or otherwise giving the Defendants any reason to beat him. Id. He states that his ribs were broken during the incident. Id. Finally, he states he was having difficulty breathing, but he was not immediately taken to the hospital but left in a police car for over an hour while the officers joked and laughed about the "brutalization." Id. As a result of this alleged beating, Plaintiff suffered broken ribs. Id. at 11.

Plaintiff has "nudged [his] claims across the line from conceivable to plausible[.]" Twombly, 550 U.S. at 570. He has presented allegations sufficient to give rise to an excessive force claim and a pendent state tort claim of battery. Specifically, in his Complaint, Vovou has adequately presented a claim of malicious use of force to cause him pain, without corresponding justification for the use of force.

### IV. Standard of Review - Motion for Summary Judgment

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Crawford v. Carroll, 529 F.3d

961, 964 (11th. Cir. 2008) (citing Fed. R. Civ. P. 56(c) and Wilson v. B/E/Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004)).

"The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Allen v. Bd. of Pub. Educ. for Bibb County, 495 F.3d 1306, 1313 (11th Cir. 2007) (citations omitted).

> "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324, 106 S.Ct. 2548).[1]

Id. at 1314.

### V. Fabila's Motion for Summary Judgment

Defendant Fabila asserts that he was not present at the scene of Plaintiff's arrest on July 26, 2011, and he did not participate in the arrest of Plaintiff. Motion for Summary Judgment at 2. In Fabila's Declaration, he states that although he did respond to the radio call that morning, he had a citizen in his cruiser and was not allowed to leave the citizen unattended. Ex. 2.[2] Fabila attests that he simply provided a lookout at the entrance/exit of

---

[1] Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

[2] The Court will refer to Defendants' Exhibits to the Motion for Summary Judgment as "Ex."

the parking garage until other units arrived. Id. Fabila states that when other officers arrived, he left the area. Id.

Plaintiff, in his Response to Summary Judgment, concedes that Fabila's Motion for Summary Judgment is well-taken and that he cannot, in good faith, dispute Fabila's assertions. Response to Summary Judgment. Therefore, Defendant Fabila's Motion for Summary Judgment will be granted.

Accordingly, it is now

**ORDERED**:

1. Defendants' February 1, 2012, Motion to Partially Dismiss the Complaint (Doc. #19) is **DENIED.**

2. Defendant, R. A. Fabila's September 5, 2012, Motion for Summary Judgment (Doc. #35) is **GRANTED**, and **Defendant R. A. Fabila** is **DISMISSED** from this action.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of March, 2013.

ROY B. DALTON, JR.
United States District Judge

- 8 -

sa 2/28
c:
Demetrios K. Vovou
Counsel of Record